**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONG CHYUAN WANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-449

Agency No.
A087-173-134

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2024[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and MENDOZA and DE ALBA, Circuit Judges.

Petitioner Rong Chyuan Wang, a native and citizen of Taiwan, seeks review

of a decision by the Board of Immigration Appeals ("the Board") affirming an

Immigration Judge's ("IJ") (collectively, the "agency") adverse credibility

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determination, denial of Mr. Wang's application for a waiver of inadmissibility, and denial of relief under the Convention Against Torture ("CAT"). Where, as here, the Board affirms the IJ's order and cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we "review both the IJ's and the [Board]'s decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we dismiss in part and deny in part the petition for review.

1.      We uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). Accordingly, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (citation omitted). Mr. Wang testified before the IJ on four separate occasions. The agency identified numerous instances in which Mr. Wang's testimony was contradicted by his criminal history record, his visa and asylum applications, and his own prior testimony. These were not small, nit-picky details; the inconsistencies were significant and central to his claims for relief. For example, he omitted instances in which his life was threatened by the mafia in his

asylum application, and he did not disclose his criminal record in his visa application form. He also implausibly claimed that he did not know that smuggling guns from the United States into Taiwan was illegal or that the mafia would use guns to harm people. When asked to explain these omissions and implausible sentiments, Mr. Wang was evasive and did not directly or adequately answer the questions posed to him. The agency properly considered these inconsistencies in Mr. Wang's testimony and his general demeanor. *See, e.g., Manes*, 875 F.3d at 1263 (affirming agency's adverse credibility determination on similar grounds). Thus, we find that substantial evidence supports the agency's conclusion that Mr. Wang lacked credibility.

2.      Mr. Wang challenges the agency's discretionary denial of a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h)(1)(B). We lack jurisdiction to review this discretionary determination, except as to colorable constitutional or legal claims. *Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007) (explaining that the court lacks jurisdiction over the agency's decision under 8 U.S.C. § 1182(h), "unless the petition raises a cognizable legal or constitutional question concerning that determination"). Mr. Wang has not raised such a question in this case. Therefore, we need not assess Mr. Wang's argument that the Board abused its discretion by affirming the IJ's hardship determination because the independently dispositive discretionary determination is unreviewable. *See Simeonov v. Ashcroft*,

371 F.3d 532, 538 (9th Cir. 2004) (citing *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.")). Thus, we dismiss the petition with respect to the waiver of inadmissibility.

3.     Finally, substantial evidence supports the conclusion that Mr. Wang is not eligible for protection under the CAT because—lacking credible testimony—he failed to show that it is more likely than not that he would be tortured if returned to Taiwan. *See Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) (relying on an adverse credibility determination to deny protection under CAT), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021). And even if Mr. Wang was able to show that he is likely to be tortured, he has not presented evidence to suggest it would be inflicted "by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity," as required to be eligible for protection under the CAT. 8 C.F.R. § 208.18(a)(1); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("We have reversed agency determinations that future torture is not likely only when the agency failed to take into account significant evidence establishing government complicity in the criminal activity.").

DISMISSED in part and DENIED in part.[1]

---

[1] Mr. Wang's motion to stay removal pending this Court's resolution of his petition for review is DENIED as moot.